```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

ROSALIND LOGIE,                )
        Plaintiff,             )
                               )  Civ. Action No. 17-10949-PBS
        v.                     )
                               )
MASSACHUSETTS BAY TRANSPORTATION )
AUTHORITY, et al.,             )
        Defendants.            )

                              ORDER
                         August 14, 2017

SARIS, C.D.J.

   1.   The motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

   2.   The Clerk shall issue summonses as to all defendants. The plaintiff is responsible for serving the summonses, complaint, and this order on the defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure and Local Rule 4.1. Service must be completed within 90 days of the date of this order.

   3.   Because the plaintiff is proceeding in forma pauperis, she may elect to have service completed by the United States Marshals Service ("USMS"). If the plaintiff chooses to have service completed by the USMS, she shall provide the agency with all papers for service on the defendants and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by plaintiff with all costs of service to be

advanced by the United States.  The Clerk shall provide the plaintiff with forms and instructions for service.

4. The motion for appointment of counsel (Docket No. 3) is **DENIED WITHOUT PREJUDICE**.  Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is difficult to find attorneys who will accept appointment as pro bono counsel.  To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See DesRosiers, 949 F.2d at 23.  Because the defendants have not responded to the complaint, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel. The plaintiff may renew the motion after the defendants have responded to the complaint.

SO ORDERED.

                                         /s/ Patti B. Saris  
                                        PATTI B. SARIS  
                                        CHIEF UNITED STATES DISTRICT JUDGE