UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROSALIND LOGIE

    Plaintiff,

    v.                                        CIVIL ACTION NO. 1:17-cv-10949-PBS

MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY,
BOSTON CARMEN'S UNION
LOCAL 589,
NORMAN W. MICHAUD,
SCOTT C. ANDREWS,
JOHN J. LEE, LARRY KELLY,

    Defendants.

REPORT AND RECOMMENDATION ON DEFENDANTS JOHN J. LEE AND
LARRY KELLY'S MOTION TO DISMISS (#20).

KELLEY, U.S.M.J.

    I.   Discussion and Recommendation.

This is a dispute about an alleged wrongful termination based on disability. Plaintiff Rosalind Logie is a former employee of the Massachusetts Bay Transportation Authority (MBTA). Plaintiff contends both that she was wrongfully terminated, and that the Union failed to adequately represent her. Defendants Larry Kelly and John J. Lee, were, according to plaintiff, Union officials during the relevant time period. (#1 at ¶¶ 6-7.) Plaintiff filed the present action, pro se, on May 22, 2017. (#1.) Plaintiff has not served Defendant Kelly or Defendant Lee.

Plaintiff was initially given 90 days from August 14, 2017 to serve defendants, and was permitted to "have service completed by the United States Marshals Service (USMS)." (#7.)

1

Summons were issued the same day. (#8.) Plaintiff claims to have provided the USMS with papers for service by giving the papers to her son, in federal custody, to pass on to the USMS. (#29 at 11.)

The USMS received the paperwork for service on or before November 7, 2017. *See*, *e.g.*, #14 (reflecting an attempt to make service on Larry Kelly and a date of receipt of November 7, 2017). However, the summons for Defendant Kelly and Defendant Lee were returned unexecuted on November 30, 2017. (##14, 16.)

THEREFORE, the Court RECOMMENDS that Defendants Kelly and Lee's Motion to Dismiss (#20) be GRANTED pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 4.1, for failure to make timely service.

## II.  Review by District Court Judge.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within fourteen days of the party's receipt of this Report and Recommendation.  The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

July 12, 2018

/s/ Page Kelley
M. Page Kelley
United States Magistrate Judge