**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUETTS**

|  |  |  |
|---|---|---|
| ROSALIND LOGIE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 17-10949-PBS |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, BOSTON CARMEN'S UNION, LOCAL 589, NORMAN W. MICHAUD, SCOTT C. ANDREWS, JOHN J. LEE, and LARRY KELLY, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER RE: REPORT AND RECOMMENDATION**
**REGARDING MBTA DEFENDANTS' MOTION TO DISMISS**

August 2, 2018

Saris, U.S.D.J.

The MBTA defendants have objected to the Report and Recommendation, which recommended that the Court deny the motion to dismiss the claim of employment discrimination under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. See Docket No. 35. The MBTA argues that employment discrimination claims must be brought under Title I. The First Circuit has not yet ruled on the subject. See Currie v. Group Ins. Comm'n, 290 F.3d 1, 6, 9 (1st Cir. 2002). However, most circuits have held that employment claims against public

entities must be brought under Title I. See Taylor v. City of Shreveport, 798 F.3d 276, 282 (5th Cir. 2015) ("Unlike Title I of the ADA, Title II does not create a cause of action for employment discrimination."); Reyazuddin v. Montgomery Cnty., Md., 789 F.3d 407, 421 (4th Cir. 2015) ("Based on the text and structure of Title II and the ADA, we agree with the majority of circuits to have considered the question that Title II unambiguously does not provide a vehicle for public employment discrimination claims."); Brumfield v. City of Chicago, 735 F.3d 619, 628 (7th Cir. 2013) ("Title II is clearly inapplicable to employment discrimination because Title I specifically, comprehensively, and exclusively addresses disability discrimination in employment."); Mary Jo C. v. N.Y. State & Local Ret. Syst., 707 F. 3d 144, 171 (2d Cir. 2013) (holding that the ADA "unambiguously limits employment discrimination claims to Title I"); Elwell v. Oklahoma ex rel. Bd. of Regents of the Univ. of Okla., 693 F.3d 1303, 1309 (10th Cir. 2012) ("[E]ach title does important and independent work -- work that would be diminished, duplicated, even rendered superfluous were we to read Title II as covering employment discrimination."); Zimmerman v. Or. Dep't of Justice, 170 F.3d 1169, 1178 (9th Cir. 1999) ("[W]hen viewed as a whole, the text, context and structure of the ADA show unambiguously that Congress did not intend for Title II to apply to employment."); see also

Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 118-19 (3d Cir. 1998) (discussing Title III and holding that "it is evident that Congress sought to regulate disability discrimination in the area of employment exclusively through Title I"); Parker v. Metro. Life Ins. Co., 121 F.3d 1006, 1014-15 (6th Cir. 1997) (discussing Title III and holding that "the statutory framework of the ADA expressly limits discrimination in employment practices to Title I of the ADA"). But see Bledsoe v. Palm Beach Cnty. Soil & Water Conservation Dist., 133 F.3d 816, 822 (11th Cir. 1998) ("[E]mployment coverage is clear from the language and structure of Title II."). I agree with the majority of the circuits and dismiss the claim of employment discrimination brought under Title II.

For the reasons stated in the Report and Recommendation, I dismiss the other claims as well. The action is **DISMISSED**.

/s/ Patti B. Saris         .
HON. PATTI B. SARIS
Chief, U.S. District Judge